**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Tommy Dean Foster,

               Plaintiff,

    v.

Open AI, et al.,

               Defendants.

Case No. 2:26-cv-01356-CDS-BNW

**ORDER and REPORT AND RECOMMENDATION**

Pro se Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* ("IFP"). ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens Plaintiff's complaint.

**I.  ANALYSIS**

    **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.      Screening the complaint**

Plaintiff alleges that multiple technology companies wrongfully accessed, used, and removed his work related to artificial intelligence, which he claims to have originated. He contends that defendants exploited his ideas and contributions without permission and interfered with his accounts. In turn, Plaintiff asserts claims under the following statutes: the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962–1968); trade secret theft (18 U.S.C. §§ 1832–1836); wiretapping (18 U.S.C. § 2511); pen register surveillance (18 U.S.C. § 3121); destruction of evidence (18 U.S.C. § 1519); and patent infringement (35 U.S.C. §§ 281–284).

This Court first starts with the claims under Title 18. Plaintiff does not have a private right of action for violation of criminal statutes. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Therefore, this Court will recommend dismissal of these claims with prejudice.

Next, this Cort turns to the patent infringement claim. That claim may only "be brought by a party holding legal title to the patent." *Propat Int'l Corp. v. Rpost, Inc*., 473 F.3d 1187, 1189 (Fed. Cir. 2007); 35 U.S.C. § 281. Plaintiff never identifies any patent to which he currently holds legal title. ECF No. 1-1. As a result, this Court will dismiss this claim with leave to amend.

/ /

/ /

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the claim under 35 U.S.C. § 286 is dismissed with leave to amend.

**IT IS RECOMMENDED** that all remaining claims (claims under Title 18) be dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend his claim under 35 U.S.C. § 286, he must do so by June 8, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 6, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE