UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tommy Dean Foster, | Case No. 2:26-cv-01356-CDS-BNW |
| Plaintiff | **Order Accepting in Part and Modifying in Part the Magistrate Judge's Report and Recommendation, and Order Striking the First Amended Complaint Without Prejudice** |
| v. | |
| Open AI, et al., | |
| Defendants | [ECF Nos. 3, 4, 9] |

Pro se plaintiff Tommy Foster brings this lawsuit against numerous technology companies and a law firm, alleging claims for Racketeer Influenced and Corrupt Organizations Act, trade secret theft, wiretapping, pen register surveillance, destruction of evidence, and patent infringement. Compl., ECF No. 1-1. Because Foster applied to proceed *in forma pauperis*, ECF No. 1, U.S. Magistrate Judge Brenda Weksler screened his complaint and issued an order and report and recommendation (R&R). ECF No. 3. In it, Judge Weksler dismissed Foster's patent infringement claim with leave to amend but recommends that I dismiss with prejudice his claims for relief under Title 18 because there is no private right of action for violations of criminal statutes. *Id.* at 2 (citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)). On May 28, 2026, Foster filed a First Amended Complaint (FAC) that does not comport with Judge Weksler's R&R. *See* FAC, ECF No. 9. For the reasons explained herein, I adopt the R&R in part and modify it in part. I also strike the FAC and give Foster limited leave to file an amended complaint that comports with the R&R and this order.

I.      **The R&R is adopted in part and modified in part.**

Foster had until May 20, 2026, to file any objections to the magistrate judge's findings and recommendations. ECF No. 3 at 3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities

within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). However, Foster neither objected to the R&R nor requested more time to do so,[1] and "[n]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

I nonetheless reviewed the magistrate judge's findings and agree in part that criminal statutes do not give rise to civil liability because they provide no private right of action. This is accurate as Foster's claims alleging violations of Title 18, United States Code, Sections 1519, 1832-1836, and 3121. Foster cannot assert claims under them, so I adopt the recommendation to dismiss them with prejudice. But the Racketeer Influenced and Corrupt Organizations Act ("RICO") does allow a private citizen to recover damages for conduct of an enterprise through a pattern of racketeering activity or the collection of an unlawful debt. *See* 18 U.S.C. § 1961, *et seq.* The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts') (5) causing injury to plaintiffs 'business or property.'" *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation omitted); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). However, even broadly construing the allegations, the complaint fails to properly assert a RICO claim because it fails to identify a pattern of racketeering activity. *See* ECF No. 4. Because Foster failed to object to the R&R, I adopt the recommendation to dismiss the RICO claim but modify the recommendation and dismiss the claim without prejudice and with leave to amend. Further instructions are provided in the following section. Accordingly, the R&R is accepted in part and modified in part as set forth in this order. The complaint (ECF No. 4) is dismissed.

---

[1] Although Foster filed a motion to allow formatting errors, ECF No. 5, I do not construe it as an objection.

II.    The First Amended Complaint is stricken without prejudice.

As noted above, Foster did not file an objection to the R&R, but did file a FAC on May 28, 2026. *See* FAC, ECF No. 9. Therein, he alleges two grounds for jurisdiction: "DTSA 1836" and "WIRE TAP 2520." *Id.* at 3. I liberally construe this as alleging violations of Title 18, United States Code, Sections 1836 and 2520. I strike the FAC for two reasons. First, as explained above, neither of those statutes provide for private rights of actions. Second, the FAC did not comply with the R&R that gave Foster permission to amend the complaint to attempt to bring his alleged patent infringement claim under Title 35, United States Code, Section 286 only. *See* ECF No. 3 at 3. I therefore strike the FAC.

However, because it is unclear if Foster can cure the RICO and patent infringement claims deficiencies, I grant him limited leave to refile a first amended complaint. This means that Foster has leave to plead facts to attempt to cure the defects in his RICO and patent infringement claims only. Foster does not have leave to add new claims or to replead claims that have been dismissed with prejudice.

If Foster chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means that Foster's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, subject to this order and the R&R. Should Foster elect to file an amended complaint, it must be filed by June 24, 2026, and it must titled "First Amended Complaint." Failure to comply with these instructions may result in sanctions, including dismissing the case.

III.    Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation [ECF No. 3] is accepted in part and modified in part. The claims brought under violations of Title 18, United States Code, Sections 1519, 1832-1836, and 3121 are dismissed with prejudice. The

claims alleging violations of Title 18, United States Code, Section 1961, *et seq.* and Title 35, United States Code, Section 286 are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Foster's original complaint **[ECF No. 4] is dismissed** and the first amended complaint **[ECF No. 9] is stricken**.

IT IS FURTHER ORDERED that Foster is given leave to file a first amended complaint to attempt to bring his RICO and patent infringement claims **only, by June 24, 2026**. Foster does not have leave to add new claims or to replead claims that have been dismissed with prejudice.

Dated: June 2, 2026

_____
Cristina D. Silva
United States District Judge

4